IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

THOMAS M. BECKNER,

           Plaintiff,

v.                                          CIVIL ACTION NO. 3:06-0184

AMERICAN BENEFIT CORPORATION, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

On March 13, 2006, Plaintiff Thomas M. Beckner filed this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § § 1001 *et seq.* On March 31, 2006, this Court entered its standard Scheduling Order for ERISA cases that exempted the parties from discovery and directed Defendants to file a copy of the Administrative Record with the Court. Subsequently, Plaintiff filed a Motion for Discovery. Defendant Employer-Teamsters Local Nos. 175 and 505 Pension Trust Fund and the Trustees (hereinafter collectively referred to as the Trustees) object to discovery and argues that the Court's review should be confined to the administrative record.

As set forth by the Trustees, Plaintiff inquired about retirement benefits in or about December of 2003. On September 14, 2004, American Benefit Corporation (ABC) sent Plaintiff a letter setting forth his expected retirement benefits. By letter dated October 13, 2004, Plaintiff appealed ABC's decision to the Board of Trustees. An Appeals Committee comprised of one Trustee selected by the Employers and one Trustee selected by the Union considered Plaintiff's

appeal and recommended Plaintiff receive a "$2,000 per month 30-And-Out benefit" as opposed to a "Kroger 30-And-Out benefit" of $2,500 per month. The matter was then considered by the full Board of Trustees on November 18, 2004. At that time, the Board was comprised of four members designated by the Union and only three members designated by the Employers because of a vacancy. Upon their review, the Trustees determined that Plaintiff was not entitled to either benefit. On May 4, 2005, the Trustees entertained a second appeal to determine whether Plaintiff detrimentally relied upon a typographical error in the Summary Plan Description. The full Board of Trustees met to discuss the matter on May 19, 2005, and it reaffirmed its decision that Plaintiff was not entitled to the benefits sought. Therefore, Plaintiff brought the current action in this Court.

In his Motion for Discovery, Plaintiff argues that discovery should be permitted to determine what standard of review should be used because the issue has never been decided with respect to this Pension Trust Fund. However, as indicated by the Trustees, in *Young v. Employer-Teamsters Local Nos. 175-505 Pension Trust Fund*, No. 2:02-0070 (S.D. W. Va. Feb. 27, 2003), the Honorable Elizabeth V. Hallanan held that the abuse of discretion standard applied based upon language in the same Plan as is at issue in the present case.[1] Although the standard of review issue is not ripe for decision in this case,[2] the Court notes that a copy of the Plan has been provided to the Court as part of the Administrative Record and Plaintiff has failed to offer any argument as to why

---

[1] Specifically, Judge Hallanan relied upon language found in Article VIII, Section 8.01 of the Plan which provided: "Any payment of benefits under the Plan shall be contingent upon the approval of the Trustees of the application for benefits which a Participant or a Beneficiary must complete and file with the Trustees."

[2] If the parties disagree as to the standard of review, they should brief the issue in their summary judgment motions.

the Court must look beyond the Plan and the rest of the Administrative Record to make this determination. Therefore, the Court finds that Plaintiff has failed to demonstrate why he should be entitled to discovery on this issue.[3]

Plaintiff also argues that the Administrative Record is one-sided because there was no neutral fact finder, no opportunity to cross-examine the decision makers, and he was unrepresented during the early stages of the process. In addition, Plaintiff claims that there is no way to know without discovery whether or not the Administrative Record is even complete. However, even in cases in which a de novo standard of review applies, discovery is permissible only in very limited circumstances. As the Fourth Circuit stated in *Quesinberry v. Life Insurance Company of North America*, 987 F.2d 1017 (4th Cir. 1993):

> courts conducting de novo review of ERISA benefits claims should review only the evidentiary record that was presented to the plan administrator or trustee except where the district court finds that additional evidence is necessary for resolution of the benefit claim. Exceptional circumstances that may warrant an exercise of the court's discretion to allow additional evidence include the following: claims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts;

---

[3] In his Reply, Plaintiff argues that, because Judge Hallanan entered a Scheduling Order allowing for discovery in *Young,* the Court in this case should do the same. However, the Court gives little weight to this fact. The Scheduling Orders entered by Judge Hallanan in *Young* appear to be the standard Scheduling Orders entered in this district for general civil actions. The Scheduling Orders were entered early in the case, and it does not appear that the issue of whether discovery should be permitted in the case was ever litigated.

> instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process. We do not intimate, however, that the introduction of new evidence is required in such cases. A district court may well conclude that the case can be properly resolved on the administrative record without the need to put the parties to additional delay and expense.

987 F.2d at 1026-27.[4] Thus, even if the Court ultimately finds that the de novo standard of review applies in this case, the Court finds Plaintiff's allegations are insufficient to establish exceptional circumstances that warrant allowing discovery of evidence beyond the administrative record. In addition, the Administrative Record in this case contains the Summary Plan Descriptions, the Plan Document, the Trust Document, various correspondence, minutes from meetings, Plaintiff's file maintained in the Fund Office, and the documents provided to the Appeals Committee. Without showing some exceptional circumstance why Plaintiff believes this record may be incomplete, which he clearly has not done in this case, the Court will not put the parties to the additional delay and expense of discovery.

In his motion, Plaintiff cites a number of cases from other jurisdictions in which discovery was permitted where there was an allegation of a conflict of interest. *See, e.g., Calvert*

---

[4]*See also Donnell v. Metropolitan Life Ins. Co.*, 165 Fed.Appx. 288, 297 (4th Cir. 2006) (unpublished) (stating "even in ERISA actions in which courts review the administrator's decision de novo, introduction of evidence outside the administrative record is permitted only in exceptional circumstances. Where, as here, a court reviews an administrator's decision under a deferential standard, discovery and introduction of extrinsic evidence pertaining to the 'mental processes of the plan's administrator' are generally, if not uniformly, disallowed" (citations omitted)).

*v. Firstar Finance, Inc.*, 409 F.3d 286, 293 n.2 (6th Cir. 2005) (noting that discovery is permissible in ERISA where the plaintiff seeks to show a decision-maker's bias); *Tremain v. Bell Indus., Inc.*, 196 F.3d 970, 977 (9th Cir. 1999) (finding evidence outside the administrative record "may be considered to determine if a plan administrator's decision was affected by its conflict of interest"); *Medford v. Metropolitan Life Ins. Co.*, 244 F.Supp.2d 1120, 1129 (D. Nev. 2003) (permitting limited discovery regarding whether there was a conflict of interest); *Sheehan v. Metropolitan Life Ins. Co.*, No. 01 CIV. 9182, 2002 WL 1424592 (S.D. N.Y. June 28, 2002) (allowing discovery on conflict of interest). However, Plaintiff has not made any allegation in his Complaint that the Trustees in this case operated under a conflict of interest, and such alleged conflict is not apparent from the record. Plaintiff makes a cursory statement in his motion that "[t]here was no decision by a neutral fact finder," but he fails to provide any explanation or support for this statement. Given such a bare allegation, the Court will not allow discovery on this issue. Moreover, at least two other district courts in this circuit have not looked favorably on allowing discovery even where a conflict of interest exists. *See Sawyer v. Potash Corp. of Saskatchewan*, 417 F. Supp.2d 730, 738 (E.D. N. C. 2006) (holding "[w]hen a court conducts a review of a claim administrator's decision for abuse of discretion, evidence is limited to the facts that were before the administrator when it made its decision. Additional discovery is not allowed–only the administrative record is admissible (citations omitted)); *Stanley v. Metropolitan Life Ins. Co.*, 312 F.Supp.2d 786, 791 (E.D. Va. 2004) (stating "even when applying the modified abuse of discretion standard, the court's review remains limited to the administrative record" (citation omitted)); *Burkhart v. Metropolitan Life Ins. Co.*, No. 3:02CV866, 2003 WL 21655486, *2 (E.D. Va. June 11, 2003) (stating "Plaintiff cannot get additional discovery by alleging that the plan administrator operated under a conflict of interest.

Where the administrator operated under a conflict of interest, the Court weighs that conflict as a factor in where there was an abuse of discretion" (citation omitted)).

Accordingly, the Court finds Plaintiff has failed to establish that discovery is warranted in this case beyond what currently exists in the administrative record. Therefore, the Court **DENIES** Plaintiff's Motion for Discovery.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:   July 21, 2006

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE