IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

THOMAS M. BECKNER,

    Plaintiff,

v.           CIVIL ACTION NO. 3:06-0184

AMERICAN BENEFIT CORPORATION, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

   Pending before the Court are cross motions for summary judgment and Plaintiff Thomas M. Beckner's renewed motion for discovery. For the following reasons, the Court **GRANTS** Defendants' motions for summary judgment and **DENIES** Plaintiff's motions for summary judgment and for additional discovery.

**I.
FACTS**

   Plaintiff Thomas M. Beckner filed this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.,* against Employer-Teamsters Local Nos. 175 and 505 Pension Trust Fund and the Trustees (hereinafter collectively referred to as the Trustees) and American Benefit Corporation (hereinafter ABC). The Fund was created in 1958 by certain local unions and various employers when they entered into agreements to provide pension benefits to participants. The Plan was restated, reconstituted, and re-adopted effective May 1998. Plaintiff has participated in the Fund since 1974, and seeks $2,500 per month in benefits from what is known as a "Kroger 30-And-Out Benefit." In the alternative, Plaintiff seeks a "30-And-Out Benefit of $2000." Although Plaintiff concedes that he has never worked as a Kroger employee, he

asserts that the Plan does not provide that the Kroger 30-And-Out Benefit is only for Kroger employees and he otherwise meets all the qualifications to obtain the benefit.

By letter dated September 14, 2004, ABC denied Plaintiff's request for the Kroger 30-And-Out Benefit of $2,500 because Plaintiff was not a Kroger employee. ABC also denied Plaintiff's request for the 30-And-Out Benefit of $2,000 because Plaintiff did not meet the Plan's $33.34 multiplier rate as of December 31, 1987. Plaintiff appealed these decisions to the Fund's Appeal Committee, which was comprised of two trustees and two "Fund Consultants" from ABC. At their meeting held on November 3, 2004, the Appeals Committee recommended that Plaintiff's appeal be approved. On November 18, 2004, the Trustees met and denied Plaintiff's appeal. The minutes from that meeting provide, in relevant part:

> Excerpts from the Special Trustees' meeting held March 31, 1997 and the regular Trustees' meeting of September 10, 1998 were reviewed. It was noted the Minutes of September 10, 1998 reflected the increase from $2,000 to $2,500 per month applied only to employees of Kroger and that historically the Kroger 30-and-Out Benefit had only been applicable to Kroger employees. The Plan provisions requiring a minimum multiplier of $33.34 on December 31, 1987 or contributions at the rate required under the National Master Freight, United Parcel Service or National Tank Haul Agreement to qualify for the $2,000 per month 30-and-Out Benefit were discussed. **MOTION** was then made, seconded and passed to deny Mr. Beckner's application for a Kroger 30-and-Out Benefit on the basis he had never been an employee of the Kroger Company and to deny Mr. Beckner's application for the $2,000 per month 30-and-Out Benefit on the basis the minimum multiplier and contribution requirements had not been satisfied.

*Minutes of Trustees' Meeting* (Nov. 18, 2004). Plaintiff was permitted to appeal this decision and argue that he detrimentally relied upon a printing error contained in the 2001 Summary Plan Description (SPD).

On May 4, 2005, the Appeals Committee met and discussed Plaintiff's appeal. Plaintiff appeared at the hearing and told the Appeals Committee that he and his wife believed he qualified for the Kroger 30-and-Out Benefit of $2,500 under the 2001 SPD. The Appeals Committee deferred the action to the Trustees. On May 19, 2005, the Trustees met and discussed Plaintiff's case. After discussing the language of the Plan and the SPD, the Trustees denied Plaintiff's appeal "on the basis the Kroger 30 and Out benefit is available only to employees of Kroger Company and that Mr. Beckner did not provide a preponderance of evidence to prove that he had detrimentally relied on the language of the Summary Plan Description." *Minutes of Trustees' Meeting* (May 19, 2005). On appeal to this Court, Plaintiff asserts that nowhere in the Plan does it provide that the "Kroger 30-And-Out Benefit" of $2,500 per month is only available to Kroger employees.

## II.
## STANDARD OF REVIEW

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(c). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the

light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. The nonmoving party must satisfy its burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. In reviewing the evidence of this case, the Court finds that there is no genuine issue of material fact at issue. Accordingly, this case may be properly disposed of on summary judgment.

## III.
## ABC'S MOTION FOR
## SUMMARY JUDGMENT

Before proceeding with determining the propriety of Plaintiff's denial of benefits, the Court must resolve ABC's Motion for Summary Judgment. In its motion, ABC argues that it does not act in a fiduciary capacity for the Fund, the Board of Trustees of the Fund, Plaintiff, or any other beneficiary. Rather, it merely acts as an administrative agent and performs clerical functions such as calculating benefits. Therefore, ABC asserts that it must be dismissed.

Plaintiff argues, however, there is at least a genuine issue of material fact as to whether or not ABC acts in a fiduciary capacity to the Fund. In support, he points to portions of the record in which ABC denied Plaintiff's claim for benefits and the fact that two consultants from ABC sat on the Appeals Committee. He also quotes from affidavits outside of the record in which

an employee of ABC states: "I have been an employee of American Benefits Corporation (ABC), who is the administrator of the . . . Fund for over twenty (20) years" and he has *"personal* knowledge of the past dealings of said Pension Fund, as well as other funds which we administer."*Affidavits of Matt Carlton* (Oct. 15 and Nov. 6, 2002) (emphasis original). In addition, Plaintiff cites the Honorable Elizabeth V. Hallanan's decision in *Young v. Employer-Teamsters Local Nos. 175 and 505 Pension Trust Fund*, No. 2:02-0070 (S.D. W. Va. Feb. 27, 2003), in which she denied, inter alia, ABC's motion for summary judgment and remanded the action back to the plan administrator for further action. However, the Court finds these facts and Judge Hallanan's decision are insufficient to preclude summary judgment in favor of ABC.

In *Young*, the plaintiffs brought an action against ABC and the same Fund at issue in this case. As here, ABC filed a motion for summary judgment. Without significant discussion of ABC's motion, Judge Hallanan denied the motion and remanded the action on procedural grounds. Upon receiving an unfavorable decision on remand, the case was reopened and ABC renewed its motion for summary judgment. In a Memorandum Opinion and Order written by the Honorable Joseph R. Goodwin, he identified the Board of Trustees as the Plan administrator and ABC as an actuarial and consultant service to the Fund. Without much further discussion with respect to ABC, Judge Goodwin granted its motion for summary judgment for "cause shown." *Young, Memorandum Opinion and Order*, at 7 (May 27, 2005). Presumably the "cause shown" is that ABC was not acting as the fiduciary, but rather performed only ministerial tasks which made summary judgment in favor of ABC appropriate.

In *Givens v. American Benefit Corporation*, 1993 U.S. App. Lexis 11500 (May 17, 1993) (per curiam), the Fourth Circuit reached a similar conclusion with respect to ABC's role with a different pension fund. The Fourth Circuit noted that 29 U.S.C. § 1002(21)(A) defines a fiduciary under an ERISA plan "as a person who exercises any discretionary authority or control over the management of the benefit plan or the management or disposition of its assets, a paid investment advisor, or a person with any discretionary authority or responsibility in administering a benefit plan covered by the Act." *Id*. at *6.[1] In *Givens*, the parties stipulated that ABC was a third-party administrator that was responsible for billing, actuarial consulting, and paying claims. *Id.* at 8. Similar to the present case, ABC also made "initial determination[s] on claims with a right of appeal to the Trustees." *Id*. at *2. Thus, despite ABC's authority to make initial eligibility determinations, final decisions and appeals were made by the Trustees. Given that final decisions and appeals were handled by the Plan Trustees and that ABC was responsible for the initial processing of claims and

---

[1]Section 1002(21)(A) provides, in full:

> Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title.

29 U.S.C. § 1002(21)(A).

other ministerial tasks, the Fourth Circuit found "the district court did not err in finding that ABC was not acting as a fiduciary." *Id*. at *8-9.

The Court finds little difference between the facts of *Givens* and the facts of this case. Clearly, as in *Givens*, final decisions are made by the Board of Trustees and not ABC. Thus, even if the Court considers the fact that ABC had two consultants on the Appeals Board, the final decision rested in the hands of the Trustees, not ABC. Moreover, there is no evidence to suggest that ABC took on a fiduciary role in this case. Accordingly, the Court finds that summary judgment is appropriate and **GRANTS** ABC's motion.

## IV.
## THE TRUSTEES' MOTION
## FOR SUMMARY JUDGMENT

Next, the Court must determine whether the Trustees' denial of Plaintiff's request for benefits was appropriate. Under ERISA, courts must review an administrator's decision to deny pension plan benefits *de novo*, unless the plan itself confers discretionary authority upon the administrator "to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989). When an administrator possesses such discretion, courts may review the eligibility determination only for an abuse of discretion. *Id.*; *Barron v. UNUM Life Ins. Co. of Am.*, 260 F.3d 310, 315 (4th Cir. 2001) (citation omitted). In this case, the parties disagree about which of these standards of review the Court must apply.

In his motion for summary judgment, Plaintiff argues that the Court must conduct a de novo review of the Trustees' decision because there is nothing in the Plan language which grants

discretion to the Trustees. The Trustees, however, point to *Young* in which Judge Hallanan found that the language of the Plan clearly "confer[red] discretion on the Trustees with regard to the issue of approving or denying an application for benefits." *Young, Memorandum Opinion and* Order, at 9 (Feb. 2, 2003). Specifically, Judge Hallanan relied upon language in Article VIII, Section 8.01, which provides: "Any payment of benefits under the Plan shall be contingent upon the approval by the Trustees of the application for benefits which a Participant or a Beneficiary must complete and file with the Trustees." Upon review, this Court agrees with Judge Hallanan.

The language at issue grants the Trustees the authority to approve or disapprove an application for benefits. The authority to determine an individual's eligibility for benefits is not a ministerial duty. Moreover, Article X, Section 10.01 of the Plan states that it "shall be administered by the Trustees in accordance with and pursuant to the Trust Agreement." Under Article III, Section 3.01 of the Trust Agreement, the Trustees are vested with the administration of the Trust Fund and pursuant to Article II, Sections 2.04 and 2.05, the Trustees are vested with the authority to "draft procedures, regulations, and conditions for the operation of the Plan, including . . . eligibility for covered Employees and Participants" and the Trustees, in their discretion, may amend the Plan. *Agreement and Declaration of Trust*, Art. II, §§ 2.04-.05. Likewise, Article VII, Section 7.02 of the Trust Agreement provides, in part:

> All questions or controversies, of whatever character, arising in any manner or between any parties or persons in connection with the Trust Fund or the operation thereof, whether as to any claim for any benefits preferred by any Employee, or any other person, or whether as to the construction of the language or meaning of the rules and regulations adopted by the Trustees or this instrument, or as to

> any writing, decision, instrument or accounts in connection with the operation of the Trust Fund or otherwise, shall be submitted to the Board of Trustees for decision, and the decision of the board . . . shall be binding upon all persons dealing with the Trust Fund or claiming any benefits thereunder.

*Id.* at Art. VII, § 7.02. Clearly, this language grants the Trustees discretion in construing the terms of the Plan and determining eligibility. Accordingly, this Court will review the Trustees' decision for an abuse of discretion.

## A.
## Kroger 30-And-Out Benefit

Plaintiff was denied the Kroger 30-And-Out Benefit because he never worked for Kroger. The Trustees state that they have never awarded this type of benefits to a non-Kroger employee because they believe these benefits are only available to Kroger employees under the Plan. To support their position, the Trustees quote from the minutes of the meeting they held on September 10, 1998, which provide, in relevant part:

> Actuary Carlton reviewed exhibits, copies of which are attached to and become a part of these Minutes, which showed the cost of providing to Kroger participants a $2,500 minimum monthly benefit after thirty (30) years of contributory service on or after January 1, 2004.
>
> Actuary Carlton showed currently there are eight (8) Kroger participants under the Fund and four (4) would be affected by the benefit change. He showed the total Actuarial liability increase would be affected by the benefit change. He showed the total Actuarial liability increase would be $154,875 and the annual normal cost would increase $1,970. Actuary Carlton showed the additional yearly cost to the Fund, which included the amortization payment and normal cost would be $14,708.

> Trustee Hall made a motion to approve a minimum benefit of $2,500 a month after thirty (30) years of contributory service beginning on or after January 1, 2004, for Kroger participants, provided the participant has worked eight (8) of the last ten (10) years at the Kroger rate and contingent upon ratification of contracts increasing their contribution levels. The **MOTION** was seconded and passed.

*Minutes of Special Trustees' Meeting* (Sept. 10, 1998). It appears that the Kroger participants referred to in the minutes were all former Kroger employees.

In Response, Plaintiff argues, however, that the Plan language is unambiguous and says nothing about limiting this retirement benefit only to Kroger employees. Thus, any oral modification of the Plan that could be gleaned from the Trustees' minutes is prohibited under ERISA. *Citing, in part, Biggers v. Wittek Indus.*, 4 F.3d 291, 295 (4th Cir. 1993) (providing "[o]ral . . . amendments are inadequate to alter the written terms of a plan, as this practice would undermine certainty" (citations omitted)). In addition, Plaintiff argues that the Trustees should be estopped from asserting that the Plan needs "interpretation" because in *Young* they took the position that the Plan language is unambiguous. Plaintiff contends that the word "Kroger" is only used to designate the Rate Schedule not the type of employees who may receive the benefit, and he has met the contribution requirements to receive such benefits. Therefore, Plaintiff insists that the Trustees erred in denying him these benefits.

In considering Plaintiff's arguments, the Court first finds that the Trustees continue to maintain that the Plan language with respect to the Kroger 30-And-Out Benefit is unambiguous so there is no need to discuss Plaintiff's estoppel argument with respect to this benefit.

Nevertheless, the Court finds no clear language in the Plan which either expressly limits these benefits only to Kroger employees or expressly permits non-Kroger employees to receive such benefits. Therefore, the Court must determine whether the Trustees abused their discretion in interpreting the Plan as containing such a limitation.

Historically, it appears that the Trustees have considered that the Kroger benefit only applies to Kroger employees. *See Minutes of Special Trustees' Meeting* (Sept. 10, 1998) (quoted above); *Minutes of Appeals Committee Meeting*, at 6 (Nov. 18, 2004) (stating, in part, "historically the Kroger 30-and-Out Benefit had only been applicable to Kroger employees"); and *Letter from Michael J. Del Giudice, attorney for the Trustees, to Plaintiff* (May 25, 2005) (advising Plaintiff that his appeal was considered and denied and stating, in part, that a notice "was sent to Kroger employees in December of 1999 advising them of this new benefit [the Kroger 30-And-Out benefit] and "[n]o one except Kroger employees were included in this new benefit. . . . You are the first person to ever assert that they were entitled to a Kroger benefit even though they did not work for Kroger").[2] In addition, the fact that it is called a Kroger benefit, at the very least, may imply that it is a benefit intended only for the benefit of Kroger employees. Although Plaintiff believes that the word "Kroger" is used only to designate the Rate Schedule, the Court finds nothing to support such a narrow interpretation. Clearly, it would be better if the Plan language contained express language about whether or not Kroger benefits are available only to Kroger employees, but no such

---

[2]Plaintiff states there is no evidence in the record that the Trustees always have interpreted the Kroger benefit as applying only to Kroger employees, nor is there evidence that there has never been a non-Kroger employee awarded this benefit. However, the minutes from the Trustees' meeting and the letter from Mr. Del Giudice support the Trustees' statements.

language exists in this case. Nonetheless, given that the word Kroger could certainly be interpreted to mean only Kroger employees are eligible for the benefit, coupled with the historical treatment of those benefits, the Court finds that the Trustees did not abuse their discretion in denying Plaintiff's claim for the Kroger 30-And-Out benefits.

## B.
## The 30-And-Out Benefit of $2,000

In the alternative to the Kroger 30-And-Out Benefit, Plaintiff claims that he is entitled to receive the 30-And-Out Benefit of $2,000. According to the Trustees, in order to be eligible for this benefit, a participant must have had a contribution rate that had a $33.34 multiplier on December 31, 1987. Specifically, the Plan provides:

> To be eligible for a 30-And-Out Monthly Benefit of $2,000, a Participant must retire from Covered Employment at any age, and:
> (i)   have been an active Participant on or after January 1, 1994, and
> (ii)  retire at any age after having thirty (30) Years of Future Credited Service (Contributory Service), and
> (iii) have had contributions made to the Fund on his/her behalf at the United Parcel Service, National Master Freight, National Tank, Kroger or a Contribution Rate that had a $33.34 multiplier at December 31, 1987, and
> (iv)  have had contributions at the rate of $368.33 or greater per month made to the Fund on his/her behalf for six (6) out of the last eight (8) years of his/her participation in the Fund prior to retirement.

*Employer-Teamsters Local Union Nos. 175 and 505 Pension Trust Fund, Pension Plan*, Art. II, § 2.04(a)(3), at 3 (Restated Effective May 1, 1998). The Trustees state that this benefit was first

-12-

offered in 1994 and the historical minimum multiplier rate was set to make sure there would be sufficient funds to provide the benefit. If a participant did not meet the historical rate, his or her claim would be denied. As of December 31, 1987, Plaintiff's multiplier was only $25.15 per month and, therefore, his claim was denied.

Plaintiff insists, however, that it was not necessary for him to meet the $33.34 multiplier rate because the Plan language states in paragraph §2(a)(3)(iii), above, that he can either meet the Kroger Contribution Rate "or" the multiplier rate of $33.34. Plaintiff states that he exceeded the Kroger Contribution Rate and, therefore, he is eligible to receive the benefit. However, the Trustees obviously have interpreted this language as meaning that Plaintiff must meet the multiplier rate because he was not an employee of Kroger and subject to the Kroger Contribution Rate schedule. As the Court already has found the Trustees did not abuse their discretion in finding Plaintiff ineligible for the Kroger 30-And-Out Benefit because Plaintiff was not a Kroger employee, the Court likewise finds the Trustees have not abused their discretion in determining Plaintiff must meet the multiplier rate of $33.34 instead of the Kroger Contribution Rate.

The Trustees also discuss in their Motion for Summary Judgment the fact that there is a typographical error in the Summary Plan Description which provides:

> To be eligible for a 30-And-Out Monthly Benefit of at least $2,000, a Participant must have been an active Participant on or after January 1, 1994, and retire at any age after having thirty (30) Years of Future Credited Service (Contributory Service) and have had contributions made to the Fund on his/her behalf at the United Parcel Service, National Master Freight, or National Tank Rate, or a Contribution Rate that had

> a $33.34 unit multiplier at December 31, 1987, **or** whose monthly Contribution Rate was at the Kroger Contribution Rate or whose monthly Contribution Rate on and after January 1, 1994, is at least $368.33 per month for six (6) out of the last eight (8) years of his/her participation in the Fund prior to retirement.

*Summary Plan Description*, at 17 (2001 Edition) (emphasis added). The Trustees assert that the "or" between "1987" and "whose" should have been an "and" so they allowed Plaintiff to argue that he detrimentally relied upon the error. Noting that the error did not exist prior to 2001 and rejecting Plaintiff's arguments that he detrimentally relied upon the error, the Trustees denied Plaintiff's claim.

In his Response, Plaintiff states that the Trustees raised the issue of the misprint and he admits he never relied upon it. Thus, the Court finds the issue moot.[3] Nevertheless, Plaintiff argues that he detrimentally relied upon receiving a certain benefit level. However, a detrimental reliance claim cannot survive if it is based upon Plaintiff's misinterpretation of the Plan. As the Court has found the Trustees did not abuse their discretion in finding Plaintiff ineligible for the Kroger 30-And-Out Benefit and the 30-And-Out Benefit of $2,000, the Court, therefore, finds Plaintiff's detrimental reliance claim must fail.

---

[3] As with the Kroger 30-And-Out Benefit, the Trustees maintain that the Plan language with respect to the 30-And-Out Benefit of $2,000 is unambiguous except to the extent that the typographical error existed in the SPD. Therefore, the Court finds Plaintiff's estoppel argument in light of *Young* is without merit. Moreover, the Court notes that, even if the Trustees would have said the language at issue in this case was ambiguous, *Young* involved totally different facts than at issue in this case.

Accordingly, having found that the Trustees have not abused their discretion in denying Plaintiff's claim for the Kroger 30-And-Out Benefit and the 30-And-Out Benefit of $2,000, the Court **GRANTS** the Trustees' Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.[4]

In his Supplemental Reply, Plaintiff argues that the Court should ignore the Trustees' historical contribution argument because he states it was not raised in their Motion for Summary Judgment but, rather, in their Response to Plaintiff's Motion for Summary Judgment. However, on page 3 of the Trustees' Memorandum of Law in Support of their Motion for Summary Judgment it clearly states that "[t]he Trustees denied his eligibility for the $2,000.00 Benefit on the basis that Mr. Beckner's contribution rate on December 31, 1987 did not meet the minimum requirement for that benefit." *Memorandum of Law in Support of Fund and Trustee Defendants' Motion for Summary Judgment*, at 3. On pages 9 through 11, the Trustees also discuss the fact that Plaintiff failed to meet that requirement. *Id*. at 9-11. Moreover, the record is clear that the contribution history of Plaintiff was a factor in the Trustees' decision to deny Plaintiff the benefits at issue. *See Minutes of Appeals Committee Meeting*, at 6 (Nov. 18, 2004) (denying Plaintiff's appeal based upon the fact Plaintiff did not meet the minimum multiplier of $33.34); *Letter from Michael J. Del Giudice, attorney for the Trustees, to Plaintiff* (Nov. 23, 2004) (informing Plaintiff of the Trustees' decision). Therefore, the Court finds no merit to this argument.

---

[4]Therefore, the Court also finds it unnecessary to discuss Plaintiff's argument that he should be awarded punitive damages.

## V.
## PLAINTIFF'S RENEWED
## MOTION FOR DISCOVERY

Plaintiff also filed a Renewed Motion for Discovery. However, as this Court stated in its prior Memorandum Opinion and Order denying additional discovery, even in cases in which a de novo standard of review applies, discovery is permissible only in very limited circumstances. *Beckner v. American Ben. Corp.*, Civ. No. 3:06-0184, 2006 WL 2061131, at *2 (S.D. W. Va. July 21, 2006) (citing *Quesinberry v. Life Insurance Company of North America*, 987 F.2d 1017 (4th Cir. 1993)). The first area Plaintiff seeks discovery is on Plaintiff's contribution rates prior to 1989, but the Court finds such discovery unnecessary. First, the Court did not consider the historical contribution rates in denying Plaintiff's request to be awarded Kroger 30-And-Out Benefits. Second, although the Court did consider the rates with respect to Plaintiff's request for 30-And-Out Benefit of $2,000, it is undisputed that Plaintiff did not meet the minimum multiplier rate of $33.34. The fact the Kroger Contribution Rate Schedule may have been different than the minimum multiplier rate and the reasons why the multiplier rate of $33.34 was selected is irrelevant to the detrmination of whether or not Plaintiff's contribution rate met the $33.34 requirement of the Plan. Therefore, the Court finds no exceptional circumstances warranting discovery on these issues.

Plaintiff also requests discovery on whether granting Plaintiff benefits would open the floodgates to other Participants and what collateral funding sources exist to fund any additional liability. As the Court did not consider the Trustees' floodgate argument, the Court finds discovery on these issues unnecessary. Therefore, the Court **DENIES** Plaintiff's Renewed Motion for Discovery.

## VI.
## CONCLUSION

Accordingly, for the foregoing reasons, the Court **GRANTS** the Motions for Summary Judgment filed by American Benefits Corporation and the Trustees and **DENIES** Plaintiff's Motion for Summary Judgment and his Renewed Motion for Discovery.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: January 16, 2007

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE